MICHAEL A. BERTA (SBN 194650)
michael.berta@arnoldporter.com
SEAN M. CALLAGY (SBN 255230)
sean.callagy@arnoldporter.com
JOSEPH FARRIS (SBN 263405)
joseph.farris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California  94111
Telephone:   (415) 471-3100
Facsimile:    (415) 471-3400

*Attorneys for Defendant and Counterclaim-Plaintiff* ADOBE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLBY LABORATORIES LICENSING CORPORATION, et al., <br><br> Plaintiffs, <br> vs. <br><br> ADOBE INC. f/k/a ADOBE SYSTEMS INCORPORATED, <br><br> Defendant. | Case No. 4:18-cv-01553-YGR <br><br> Hon. Yvonne Gonzalez Rogers <br><br> **DEFENDANT ADOBE INC.'S NOTICE OF MOTION AND MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO EXTEND FACT DISCOVERY DEADLINE OF DOLBY** <br><br> **Judge:   Hon. Yvonne Gonzalez Rogers** |
| ADOBE INC. f/k/a ADOBE SYSTEMS INCORPORATED, <br><br> Counterclaim-Plaintiff, <br> vs. <br><br> DOLBY LABORATORIES LICENSING CORPORATION, et al., <br><br> Counterclaim-Defendants. | |

ADOBE'S MOT. TO EXTEND FACT DISCOVERY DEADLINE
CASE NO. 4:18-CV-01553-YGR

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant and Counterclaim-Plaintiff Adobe Systems Incorporated ("Adobe" or "Defendant") hereby moves the Court, pursuant to Civil Local Rules 6-3 and 7-11 and Paragraph 3 of the Court's Standing Order in Civil Cases, for an Order granting Adobe a forty-five (45) day extension to complete fact discovery of Plaintiffs and Counterclaim-Defendants Dolby Laboratories Licensing Corporation and Dolby International AB and Counterclaim-Defendant Dolby Laboratories, Inc. (collectively, "Dolby"), measured from the date that Dolby serves complete responses to Adobe's Interrogatories Nos. 6 and 16.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the supporting Declaration of Sean Callagy ("Callagy Decl.") and all exhibits thereto, such oral argument as may be heard at the hearing on this Motion, and any further information that may be presented to the Court regarding this Motion.

Counsel for Adobe engaged in lengthy written exchanges and a telephonic discussion with counsel for Dolby in an attempt to develop a stipulation concerning the relief requested in this Motion. However, a workable stipulation could not be reached in time to address the many outstanding issues. In light of the pending close of fact discovery in two weeks, Adobe now requests that the Court grant the relief sought herein. *See* Callagy Decl. ¶¶ 18-25.

## I.   INTRODUCTION

Defendant Adobe Inc. ("Defendant" or "Adobe") respectfully moves the Court, pursuant to Civil Local Rules 6-3 and 7-11 and Paragraph 3 of the Court's Standing Order in Civil Cases for an order extending the deadline for Adobe to complete fact discovery of Dolby.

Over nine months ago, Adobe propounded Interrogatories Nos. 6 and 16, seeking the bases of Dolby's contentions of copyright infringement and breach of contract. Adobe asked Dolby to list, by version, the software products it contends are at issue, information Dolby knew before filing suit. Despite suggesting that dozens of Adobe software offerings may be at issue, Dolby has identified only five offerings in its interrogatory responses, and only in connection with its copyright claim. Ignoring Adobe's meet-and-confer efforts over the last six months—and express instructions from the Court to identify the products at issue—Dolby has refused to supplement its responses to state the offerings at issue under its copyright and breach of contract theories. This has prevented Adobe from understanding the scope of Dolby's claims, or completing fact discovery.

While Dolby has suggested in *may* yet supplement its responses, this would be too little too late. Because Adobe needs to take responsive discovery, a forty-five day extension of its deadline to take discovery of Dolby is needed, measured from the time that Dolby fully responds to the outstanding requests. Given Adobe's diligence, the lack of prejudice to Dolby, and the importance of the evidence that Adobe seeks, Adobe respectfully asks that its Motion be granted.

## II.   FACTUAL BACKGROUND

Dolby's First Amended Complaint ("FAC") accuses Adobe of copyright infringement by making unlicensed sales of software with Dolby technology. FAC ¶ 134. Dolby also accuses Adobe of underreporting royalties for licensed software. *Id.* ¶¶ 101-126. Adobe intends to disprove and rebut such allegations. But to do that, Adobe must know, at a minimum, *which* products Dolby contends are at issue under each theory.

In June 2018, Adobe propounded discovery seeking this information. *See* Callagy Decl. Ex. A, at 7, 10 (Interrogatories No. 6 ("Separately, for each ASSERTED DOLBY WORK, IDENTIFY each and every ACCUSED ADOBE PRODUCT, separately by name and version number, which YOU contend infringes the ASSERTED DOLBY WORK.") & No. 16 ("DESCRIBE IN DETAIL all

-1-

harm or injury YOU claim to have suffered as a result of ADOBE'S conduct alleged in the FAC.")). Dolby's response to Interrogatory No. 6 identified just five programs. *See* Callagy Decl. Ex. B, at 13-18. In response to No. 16, Dolby provided even less. For its breach of contract theory, Dolby said it would apply "a simple equation with three factors: (1) the royalty rate set forth under the applicable License Agreement multiplied by, (2) the number of separate products that Adobe licensed to any of its customers, less (3) the number of products and dollar amounts that Adobe previously reported to Dolby and paid the corresponding and accurate royalty." *See id*. Ex. A, at 28-30. But Dolby never identified the ***products*** relevant to this claim, the ***royalty rate(s)*** that apply to each, the ***periods of time*** for which royalties are sought, or the ***relevant license(s)*** that apply.

Dolby has also made accusations of "continued infringement" and demanded discovery on dozens of offerings, most of which it never named in a pleadings or discovery response. *See, e.g.*, ECF No. 57, at 1. If Dolby intends to sweep in so many offerings, it must say what they are. Adobe requested such information via four letters, two meet-and-confer sessions, a joint discovery letter, and in open court. *See* ECF No 57, at 1; Callagy Decl. ¶¶ 6-17. Dolby agreed more than once to supplement its responses, but never did so after last August. Callagy Decl. ¶ 11 & Ex. R.[1]

At a January 24, 2019 hearing, Magistrate Judge Ryu told Dolby it needed to provide answers. Callagy Decl. Ex. J, at 8:6-10 ("Plaintiffs have to identify what is being infringed. . . . Now, that's information that Dolby has in its control."). Dolby acknowledged that "this is part of the meet and confer on supplementation," and suggested that it might accuse *all* listed Adobe products of infringement for the post-2017 time frame. *Id.* at 8:24-9:19. But, despite its representations, Dolby has never formally stated what software it accuses of copyright infringement or what royalties it contends were unpaid for the main period of the case, *i.e.*, from 2012 to 2017.

Adobe served a joint discovery letter regarding this issue on March 6, 2019. *See id*. ¶ 17 & Exs. L, S, T. Dolby did nothing for over a week. When Adobe followed up, Dolby still would not

---

[1] Dolby's refusal is especially striking in light of the Adobe having produced detailed charts that explain the functionality in Adobe's software offerings, transactional data for twenty-five different offerings from 2012-2018, and nearly 500,000 pages of email discovery.

provide responsive portions of the letter, instead vaguely suggesting that more meet-and-confer was needed or that it no longer understood what Adobe was seeking. *See id*. ¶ 19 & Ex. M. Even after further written communications and a phone call in which Adobe explained precisely what it sought, the parties were unable to work out an agreement to address the open issues. *See id*. ¶¶ 20-25 & Exs. N-R.

Fact discovery closes on April 1, 2019. Dolby has vaguely suggested that it *may* supplement its responses. *See* Callagy Decl. ¶ 11 & Ex. R. Once it does so, Adobe needs an opportunity to take follow-on discovery. For this reason, Adobe requests a forty-five day extension to complete discovery, measured from when Dolby provides the missing information and contentions. This extension will not cause prejudice to Dolby or affect other deadlines in this action.

## III.   LEGAL STANDARD

Courts have authority to modify a case schedule upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Under this standard, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). The focus of the court's inquiry is upon the moving party's reasons for seeking modification. *Id.* Courts also consider the likelihood of additional discovery leading to relevant evidence and potential prejudice to the nonmoving party. *Lawrence v. Turner's Outdoorsman Corp.*, No. EDCV 08–01073 VAP(OPx), 2012 WL 12957105, at *4 (C.D. Cal. June 1, 2012).

## IV.   ARGUMENT

Despite Adobe's diligence, Dolby's failure to provide foundational information about its claims has prevented Adobe from taking critical discovery. An extension is necessary for Adobe to take the discovery it needs to respond to and rebut Dolby's claims.

### A.   There Is Good Cause For The Extension Because It Will Lead To The Discovery Of Evidence Fundamental To This Dispute.

Dolby knew the bases of its allegations when it filed this lawsuit, but has never shared these with Adobe. Discovery for these claims is thus directed to relevant and fundamental evidence. *Lawrence*, 2012 WL 12957105, at *4. There can be no dispute that Adobe is entitled to know what

-3-
ADOBE'S MOT. TO EXTEND FACT DISCOVERY DEADLINE OF DOLBY
CASE NO. 4:18-CV-01553-YGR

programs are at issue under Dolby's copyright and contract theories. This is fundamental to the assessment of liability and damages, as well as efforts to resolve or narrow the case via motion practice or settlement. Further, Adobe needs such information to pursue defenses such as statute of limitations, laches and estoppel. Adobe intends to show that Dolby has long known what is in Adobe's software and how Adobe reported royalties for the accused software. What Dolby knew about each program, and when, is therefore highly relevant. To effectively make this fact-specific inquiry, Adobe must know which products are accused of copyright infringement versus breach of contract, and when, as the analysis will vary for each product and each theory. Dolby's tactical decision to withhold this information thus has deprived Adobe of critical discovery, giving rise to good cause for the requested extension. *See Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2016 WL 730074, at *3 (W.D. Wash. Feb. 24, 2016) (extending discovery deadline to accommodate "necessary" reports).[2]

### B.   Adobe Exercised Diligence In Seeking the Discovery It Needs.

A party acts diligently when it attempts to conduct discovery in a timely fashion, but is prevented from doing so by an adversary's conduct. *See, e.g.*, *Coats v. Chaudhri*, No. 1:13-cv-02032, 2016 WL 1046233, at *3 (E.D. Cal. Mar. 16, 2016). Adobe sought Dolby's copyright and breach of contract contentions at the outset of discovery. Dolby failed to provide them, and Adobe asked Dolby for supplemental responses. *See* Callagy Decl. ¶¶ 6, 11-12, 14, 16 & Exs. I, K. Dolby said it would supplement its responses or amend its pleading to supply the missing information, but ultimately did neither. *Id.* ¶ 11. The Court even told Dolby to supplement its responses, but still Dolby never did so. *Id.* Ex. J. Adobe therefore exercised diligence throughout the process, and should not be prejudiced by Dolby's refusal to follow through or provide the information the Court told Dolby to disclose. *Cf. Oracle Am., Inc. v. Serv. Key, LLC*, No. C 12–00790, 2013 WL 2384246, at *1-2 (N.D. Cal. May 30, 2013) (finding lack of diligence where movant waited three months to conduct limited discovery, and four more months to propound supplemental discovery where

---

[2] Courts also find good cause where, as here, the discovery extension sought will not affect other deadlines in the case. *See, e.g.*, *Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.*, No. CV 10–0402 SC (NJV), 2011 WL 203675, at *1 (N.D. Cal. Jan. 21, 2011).

1  response deadlines fell after the cut-off date).

2  Adobe was also diligent in bringing this Motion. When it became clear that Dolby would not
3  abide by its promises to supplement, Adobe served joint discovery letters concerning this and several
4  other outstanding issues. Dolby ignored the letters and still refuses to provide its responses to the
5  issues raised in them, instead suggesting that the parties re-start meet-and-confer discussions that
6  concluded long ago. Callagy Decl. ¶¶ 24-25 & Exs. S-T. Dolby's attempts to pocket-veto the
7  discovery issues raised by Adobe ensured that these could not be resolved by the discovery deadline.
8  *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (prompt filing of motion "once
9  it becomes apparent that [movant] could not comply" with scheduling order shows diligence).
10  Therefore, Dolby should be required to provide complete responses to Interrogatories Nos. 6 and 16,
11  and to provide responses to the discovery letters served on it nearly two weeks ago.

12  **C.    Dolby Will Not Be Prejudiced As Its Delay Necessitated The Extension.**

13  While courts may consider the prejudice to a party opposing modification, there is no risk
14  that Dolby will be prejudiced, much less *unduly* so. *See Johnson*, 975 F.2d at 609. The extension
15  sought is targeted, and is necessitated by Dolby's failure to provide information that has been in its
16  possession since it filed this lawsuit. *See Alaska Cmty. Action on Toxics v. Aurora Energy Servs.,*
17  *LLC*, No. 3:09-CV-00255, 2012 WL 12537417, at *3 (D. Alaska Apr. 4, 2012) (noting that opposing
18  party's delays in document production would support finding of good cause for extending fact
19  discovery deadline); *Juell v. Forest Pharm., Inc.*, No. CIVS05-0378, 2006 WL 768722, at *1 (E.D.
20  Cal. Mar. 24, 2006) (extending deadlines because "the delay in taking the depositions was caused by
21  plaintiff's delay in disclosing his experts"). *See also Coats*, 2016 WL 1046233, at *3. Dolby cannot
22  claim prejudice in light of its tactical decision to withhold crucial discovery.

23  **CONCLUSION**

24  For the foregoing reasons, Adobe respectfully requests that this Court extend Adobe's
25  deadline to take discovery of Dolby by forty-five (45) days, measured from the date that Dolby
26  provides complete responses to Adobe's Interrogatories Nos. 6 and 16. The Court should also order
27  that Dolby must respond to the discovery letters served on it on March 6.

28

-5-
ADOBE'S MOT. TO EXTEND FACT DISCOVERY DEADLINE OF DOLBY
CASE NO. 4:18-CV-01553-YGR

| | |
|---|---|
| Dated: March 19, 2019 | Respectfully submitted, |
| | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| | MICHAEL BERTA |
| | SEAN CALLAGY |
| | JOSEPH FARRIS |
| | By:  /s/ *Sean Callagy* |
| | SEAN CALLAGY |
| | *Attorneys for Defendant and Counterclaim-Plaintiff* ADOBE INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing **NOTICE OF MOTION AND MOTION PURSUANT TO LOCAL RULES 6-3 AND 7-11 TO EXTEND FACT DISCOVERY DEADLINE OF DOLBY** via the Court's CM/ECF system on March 19, 2019.

/s/ *Sean Callagy*
SEAN CALLAGY