United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**DOLBY LABORATORIES LICENSING CORPORATION, ET AL.,**

    Plaintiffs,

    vs.

**ADOBE INC.,**

    Defendant.

CASE NO.  18-cv-01553-YGR

**ORDER GRANTING IN PART AND DENYING IN PART ADOBE'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**

Re: Dkt. No. 180

On May 17, 2019, the parties filed a joint discovery letter in which Dolby challenged Adobe's privilege designations on approximately 4,960 non-lawyer communications identified on its privilege log.  (Dkt. No. 109 at 3.)  After full briefing and *in camera* review of fifteen sample documents selected by Dolby, Magistrate Judge Donna Ryu issued an order adjudicating outstanding disputes regarding thirteen of the sample documents.  (Dkt. No. 167 ("Order").)[1] Specifically, the court held that seven of the documents were non-discoverable and the other six were non-privileged and subject to production in whole or in part.  (*Id*. at 23.)  In addition, the court indicated that it would appoint a special master to resolve any future disputes between the parties regarding Adobe's privilege designations.  (*Id*.)

Now before the Court is Adobe's motion for relief from Magistrate Judge Ryu's order regarding privilege designations.  (Dkt. No. 180 ("Motion").)  In its motion, Adobe challenges the court's privilege determinations as to Entries 44, 45, 52, 62, 1754, 1875, 2521, and 4016, and objects to certain procedural requirements imposed by the magistrate judge.

Having carefully reviewed the motion, the parties' prior briefing on the issue, and the magistrate judge's order, and for the reasons set forth more fully below, the Court **GRANTS IN**

---

[1] Adobe admitted that it had mistakenly claimed privilege over the other two from the initial sample set.

**PART AND DENIES IN PART** Adobe's motion.  The Court finds the record sufficient without further briefing.

I.   **LEGAL STANDARD**

A magistrate judge's order on a non-dispositive motion may be modified or set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  Factual determinations are reviewed for clear error, and legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney,* 728 F.2d 1195, 1200-1201 (9th Cir. 1984) (overruled on other grounds by *Estate of Merchant v. CIR,* 947 F.2d 1390 (9th Cir. 1991)).  The clear error standard allows the court to overturn factual determinations if the court reaches a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris Inc.,* 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citing *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130 F.R.D. 507 (D.D.C. 1990)).  Legal conclusions are reviewed *de novo* to determine whether they are contrary to law.  *Perry v. Schwarzenegger,* 268 F.R.D. 344, 348 (N.D. Cal. 2010).

II.   **DISCUSSION**

A.   **Communications Containing Facts (Entries 45, 52, 62)[2]**

Adobe takes issue with the findings regarding Entries 45, 52, and 62, arguing that the predominance of facts in the communications does not render them discoverable.

In support of its argument, Adobe primarily relies on *Upjohn Co. v. United States*, 449 U.S. 383 (1981).  In *Upjohn*, the Supreme Court held that questionnaires provided by in-house counsel to employees seeking information related to an investigation into illegal activities were privileged.  *Id*. at 394-95.  Importantly, the court found that the communication at issue identified

---

[2] The attorney client privilege "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Datel Holdings Ltd. v. Microsoft Corp.*, No. 09-cv-05535 EDL, 2011 WL 866993, *5 (N.D. Cal. Mar. 11, 2011) (quoting *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002)) (internal quotation marks omitted).  As discussed herein, the Court finds that Magistrate Judge Ryu properly identified the test (*see* Order at 8), and with the exceptions of Entries 52 and 1875, properly applied it.

United States District Court
Northern District of California

the company's general counsel, referred in its opening sentence to the legal implications of the investigation for which the questionnaires were issued, and made employees "sufficiently aware that they were being questioned in order that the corporation could obtain legal advice." *Id*. Importantly, the *Upjohn* court declined to establish an all-encompassing test for application of the attorney client privilege within corporations. *Id*. at 396. Instead, the court found that the attorney client privilege must be evaluated on a case-by-case basis. *Id*.

Here, Magistrate Judge Ryu's determinations with respect to Entries 45 and 62 are consistent with *Upjohn*. Specifically, she concluded that these documents, unlike the communications at issue in *Upjohn*, related solely to factual information and gave no indication that the employees involved in the communications were aware of any legal purpose. (*See* Order at 12-14.) Thus, it was not, as Adobe contends, the "mere recitation of facts" in the documents that "negated privilege," but rather, the predominance of factual information combined with the lack of reference to legal purpose that made the document discoverable. Upon review of the documents, this Court concludes that the findings were neither clearly erroneous nor contrary to the law.[3] Accordingly, Adobe's motion is denied with respect to Entries 45 and 62.

By contrast, the Court finds that with respect to Entry 52, the privilege attaches. The initial email in the chain, sent by Colin Stefani, asks "a question [he] need[s] to confirm to address an audit." The next day, Charles Van Winkle writes to two other employees on the email chain that he "pushed back with Colin stating that Legal should already have all of this information" and that "Legal has a database . . . and that's where it should end." Importantly, Van Winkle's message strongly suggests that the recipients of Stefani's email understood its legal purpose. Further,

---

[3] Adobe takes issue with the Order's reliance on *Datel Holdings Ltd. v. Microsoft Corp.*, No. 09-cv-05535 EDL, 2011 WL 866993 (N.D. Cal. Mar. 11, 2011), arguing that there, unlike here, the communication was privileged because the "chain of emails *diverged from* and w[as] *unrelated* to the purpose of counsel's original request." (Motion at 2, emphasis in original.) Adobe's argument fails to persuade. In *Datel*, the court found that the emails at issue diverged from the subject matter of counsel's initial request as part of its analysis of the work product doctrine, not attorney client privilege. 2011 WL 866993, at *7. The doctrines are not interchangeable. *See Admiral Ins. Co. v. U.S. Dist. Ct.,* 881 F.2d 1486, 1494 (9th Cir. 1989) ("The work-product rule is not a privilege[.]")

United States District Court
Northern District of California

1    Adobe offered declarations from Stefani stating that the "entire email thread is directly related to a

2    factfinding request [from] Adobe in-house counsel" and that he provided "the results of the

3    investigation . . . [to] Adobe in-house counsel."  (Dkt. No. 135-4, ¶ 4; Dkt. No. 143-9, ¶ 3.)  This

4    is sufficient to maintain privilege over Entry 52.

5        **B.     Transmission of Legal Advice Among Non-Lawyers (Entry 4016)**

6        Adobe also challenges Magistrate Judge Ryu's finding that Entry 4016 is discoverable

7    because it relays legal advice that an employee received over the course of several years in a

8    different context.  In her order, she concluded that an employee's "own understanding of legal

9    principles derived from his experience talking with lawyers over the years is not entitled to

10   protection from disclosure," noting that such a result would "cut against the principle that federal

11   privilege law is 'narrowly and strictly construed.'"  (Order at 23, quoting *Vasudevan Software,*

12   *Inc. v. Int'l Bus. Machines Corp.*, No. C 09-05897 RS (PSG), 2011 WL 1599646, at *1 (N.D. Cal.

13   Apr. 27, 2011).)[4]  Adobe argues that the magistrate judge's determination is "unprecedented and

14   wrong" because privilege "is not case-specific."  (Motion at 3.)

15       Again, however, Adobe misconstrues the case on which it relies.  Citing *Admiral Ins. Co.*

16   *v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486 (9th Cir. 1989), Adobe contends that once

17   privilege attaches to a communication made for the purpose of seeking legal advice, the document

18   is "permanently" protected.  (Motion at 3.)  However, *Admiral* noted that "permanent[]" protection

19   applies to communications "relating to that purpose" for which legal advice was initially sought.

20   771 F.2d at 1492.  Adobe does not provide any authority for the proposition that a non-lawyer who

21   develops a legal perspective on an issue while consulting with in-house counsel over the course of

22   several years can then relay that advice to other non-lawyers, in different contexts, indefinitely,

23   under the protection of the attorney client privilege.

24   _____

25       [4]  As Magistrate Judge Ryu noted in her prior order, federal law takes a narrower view of
     attorney client privilege than California law.  *See United States v. Ruehle*, 583 F.3d 600, 608-09
26   (9th Cir. 2009) (finding that by applying California law regarding attorney client privilege, "[t]he
     district court applied a liberal view of the privilege that conflicts with the strict view applied under
27   federal common law").  Because this case arises in the copyright context, federal law regarding
     privilege applies.
28

1      Had Entry 4016 quoted counsel or relayed advice based on a recent conversation with

2      counsel, this Court may have reached a different conclusion.  Based on the facts and law

3      presented, however, Adobe is not entitled to relief from the magistrate judge's determination with

4      respect to Entry 4016.

5      **C.      Procedural Requirements for Privilege Disputes**

6      Finally, Adobe takes issue with the magistrate judge's imposition of "procedural barriers to

7      the assertion of privilege."  (Motion at 3.)  The Court considers each in turn.

8      *1.      Declarations from Document Participant and In-House Attorney*

9      Adobe contends that the magistrate judge's order suggests it must offer declarations from a

10     participant in the communication *and* an in-house attorney to maintain privilege, in violation of

11     Ninth Circuit law.  This Court, however, does not read the order as requiring declarations from

12     both types of employees in every instance.  Rather, with respect to Entry 62, Magistrate Judge Ryu

13     found that Adobe had not presented sufficient evidence that the document contained privileged

14     information because Adobe did not submit a declaration from a participant in the communication,

15     *nor* could in-house counsel "definitely state that [they] personally posed the question or that the

16     question ultimately originated from an attorney."  (Order at 15.)  This approach is not contrary to

17     the Ninth Circuit's decision in *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir.

18     1992), in which the court noted that a privilege log *may* be sufficient to establish privilege, but in

19     the case at hand, "[w]hatever questions the [] log might leave open . . . [we]re answered to [the

20     court's] satisfaction by the affidavits of the attorneys responsible for preparing the documents."  In

21     accordance with *In re Grand Jury*, the magistrate judge in this case considered whether the

22     evidence submitted by Adobe established the privilege, and concluded that it did not.  The Court

23     finds this decision was not clearly erroneous nor contrary to law.

24     For the avoidance of any doubt, however, this Court notes that Adobe is not required to

25     offer declarations from a participant in a communication *and* an in-house attorney for every

26     document over which it seeks to assert privilege.  Instead, Adobe may use any number of means to

27     establish privilege, while noting that in order for the privilege to apply, any declarants must be

28

United States District Court
Northern District of California

United States District Court
Northern District of California

able to represent competently that a communication had a legal purpose and multiple declarations may be necessary in some cases.

Separately, however, the Court finds no basis in the law for the magistrate judge's directive that the special master must find waiver if Adobe fails to provide affirmative support for its assertions of privilege. Moreover, such a requirement would impose a significant burden on Adobe. However, the special master may employ orderly mechanisms to resolve the outstanding disputes, which may include one which would afford Adobe an opportunity to provide evidence to support its designation after Dolby articulates a basis for its challenge and the special master has reviewed the documents *in camera*.

*2.  Privilege Determinations Based On Declarations*

Adobe contends that Magistrate Judge Ryu has ignored unimpeached declarations offered in support of its designations of Entries 1754, 1875, and 2521.

With respect to Entry 1754, the magistrate judge considered the declaration stating that the document was sent at the direction of counsel to gather information to be used to obtain legal advice. (Order at 17.) Ultimately, the magistrate judge found that the document was not privileged because of its contents, namely, that it "reveal[ed] nothing about what information the attorney [wa]s seeking or why." (*Id*. at 17-18.) Had the document contained substantive information related to counsel's request, the evidence provided by Adobe likely would have been sufficient to establish privilege. Given the document's purely logistical nature, however, Adobe is not entitled to relief from the determination.

With respect to Entry 1875, the magistrate judge likewise considered the declarations submitted in support of Adobe's designations. The magistrate judge noted that the document was "generated within a broader discussion of removing Dolby technology from Adobe products," and Adobe "presented sufficient evidence that Stefani sought legal advice on that topic at some point in time." (Order at 18.) The magistrate judge held, however, that the specific document at issue contained "indicia of business purposes," and Adobe had not provided sufficient evidence that the "primary purpose of the email was to secure legal advice." (*Id*. at 19.)

Having reviewed the document, this Court finds that Adobe is entitled to relief from the

6

United States District Court
Northern District of California

1    magistrate judge's determination that the document is discoverable.  Specifically, the magistrate

2    judge did not give sufficient regard to the sworn statement offered by the sender of the email

3    stating that it was sent "in response to [a] request from [in-house counsel]" communicated just one

4    day prior and "addresse[d] information necessary for Adobe's in-house attorneys to provide legal

5    advice." (Dkt. No. 135-4 ¶ 8.)  Such evidence makes a clear showing that the primary purpose of

6    the communication was securing legal advice.  However, this finding should not be viewed as an

7    invitation to submit generic declarations to support privilege designations.

8            Finally, with respect to Entry 2521, the magistrate judge found that all but four lines of the

9    document was non-privileged because it was "impossible to tell from context and from Adobe's

10   declarations whether those portions of the thread reflect a discussion of legal advice given by

11   counsel." (Order at 20.)  Thus, the magistrate judge properly considered Adobe's declarations, but

12   found that they were insufficient to establish privilege where, notably, the document is an "instant

13   message chat" that encompass[ed] two separate topics." (Order at 19.)  Adobe is not entitled to

14   relief from this determination.

15                   *3.      "Substantial Need"*

16           Lastly, Adobe argues that it should not be required to provide Dolby with detailed

17   descriptions of Entries 44 and 45, or any other document over which it asserts work product

18   protection, so that Dolby may determine whether it can raise a "substantial need" argument.

19           With respect to Entries 44 and 45, although Adobe may not have described the documents

20   in sufficient detail in its privilege log, the magistrate judge's order and Adobe's briefing provide

21   additional information about the documents' contents, such that Dolby now has sufficient

22   information to raise a substantial need argument if it so chooses.  Thus, Adobe need not provide

23   Dolby with additional information regarding these documents.

24           Moreover, Adobe need not provide detailed descriptions of every document over which it

25   asserts work product protection.  In some cases, Adobe's privilege log may provide Dolby with

26   sufficient information to determine whether to argue a "substantial need." *See Bernstein v. Virgin*

27   *Am.*, No. 15-CV-2277 JST (JSC), 2017 WL 4767777, at *1 (N.D. Cal. Oct. 23, 2017) (ordering

28   plaintiffs to produce "compliant privilege log" so that defendant could assess potential "substantial

need" challenges to assertions of privilege).  In other cases, the privilege log may lack sufficient detail to allow Dolby to challenge Adobe's designations.  In such cases, the special master, at its discretion, may order Adobe to provide additional descriptions of the relevant documents.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Adobe's motion for relief from the magistrate judge's order, except as to the following issues:

- Entries 52 and 1875 are non-discoverable based on the attorney client privilege.

- Adobe is not required to offer declarations from a participant in a communication *and* an in-house attorney for every document over which it seeks to assert privilege.  The sufficiency of the evidence submitted in support of a privilege designation must be determined on a case-by-case basis.

- The special master need not automatically waive privilege designations if Adobe fails to provide affirmative support for its assertions of privilege.  Rather, the special master may employ orderly mechanisms to resolve the outstanding disputes, which may include one which would afford Adobe an opportunity to provide evidence to support its designation after Dolby articulates a basis for its challenge and the special master has reviewed the documents *in camera*.

- Adobe need not provide Dolby with detailed descriptions of Entries 44 and 45. Moreover, Adobe need not provide detailed descriptions of every document over which it asserts work product protection to allow Dolby to determine whether it will raise a "substantial need" argument.  However, the special master may order Adobe to provide such detailed descriptions on a case-by-case basis.[5]

This Order terminates Docket Number 180.

**IT IS SO ORDERED.**

Dated:   September 26, 2019

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

---

[5]  Adobe's request to hold the special master process in abeyance (Motion at 6) is **DENIED** as moot.