UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOLBY LABORATORIES LICENSING CORPORATION,**<br><br>PLAINTIFF,<br><br>V.<br><br>**ADOBE INC. F/K/A, ADOBE SYSTEMS INCORPORATED**<br><br>DEFENDANT.<br><br>**AND RELATED COUNTERCLAIM** | Case No. 18-cv-1553 YGR<br><br>**PRETRIAL ORDER NO. 3 RE: TRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on December 20, 2019, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is confirmed to proceed in Courtroom 1. Jury Selection shall begin at beginning at 9:00 a.m. on January 31, 2020. All remaining trial days shall begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed each day promptly at 8:00 a.m. Trial schedule will be Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. The parties shall each be afforded *(6 days)* twenty-seven (27) hours to present their case, *including* opening statements and closing arguments. The Court shall reserve one hour for

1     plaintiff and one hour for defendant for closing arguments.  The parties shall receive daily

2     timesheets advising of the time remaining.  Any concerns must be raised immediately or will

3     be waived.

3. The Court sets the next pre-trial conference for **January 24, 2020 at 8:00 a.m.**  By **January 15, 2020**, the parties shall submit a joint list of issues to be addressed at the conference.  If no such issues arise, the Court may take the conference off calendar.

4. **Standard Motions *in Limine*:**  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

       A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).  The Court's rulings on the motions *in limine* will be issued by separate order(s).

5. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

7. **By January 15, 2020**, the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during voir dire.  The list shall be legible and formatted to fit on one page.

8. **Exhibits and Exhibit Lists:**  The parties shall file updated exhibits lists by January 15, 2020.  The parties are limited to using the Exhibits submitted on those Exhibit Lists, except that any documents for which Adobe is seeking relief from the special master's order regarding attorney-client privilege and which are ultimately found non-privileged may be added to the

parties' exhibit lists.[1] By January 15, 2020, the parties must each provide the Court with a flash drive containing all exhibits.

No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties' updated Exhibit Lists must identify those for which a stipulation of admissibility exists with an "S" in the appropriate box. Parties are ordered to meet and confer and to stipulate on non-controversial issues of admissibility. Failure to do so will result in the waste of trial time.

Dolby's exhibit list currently contains 1785 entries. Adobe's exhibit list currently contains 1588 entries. Only a fraction of those will ever be admitted. Thus, a full paper set shall not be provided to the Court. Rather, the parties are ordered to provide a set of witness binders to the Court and to each witness, and to provide the Courtroom deputy only with the original set of exhibits being offered. They shall be placed in manila folders, labeled by Exhibit number, to be provided to the jury.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

In general, no exhibit shall be admitted at trial unless actually used. Thus, parties are not allowed to argue the relevance of a document not otherwise referenced during trial.

The parties shall keep a running Index of all exhibits admitted with short descriptions. The final list shall be provided to the courtroom deputy **before closing arguments** so that it can accompany the exhibits into the jury room immediately thereafter.

The parties shall file a proposed form of order regarding designations, or stipulations if the disputes are resolved, by **January 15, 2020**.

9. **Motions to Seal:** The pending motions to seal at Docket Numbers 252, 259, 265, 270, 273, 276, and 299 concern the licensing amounts at issue, third party licensing agreements, and source code. These motions are therefore granted.

---

[1] By January 6, 2020, a supplemental list of potential exhibits not currently being litigated shall be provided.

Neither party opposes denial of the motions to seal at Docket Numbers 293 and 296, and thus, these motions are denied as moot.

For purposes of trial, the Court orders that the parties shall assign a non-numerical terms (e.g., "Rate A" or "the Cloud Letter Rate") to the critical licensing amounts at issue. Those terms must be used at trial. Jurors and witnesses will have access to a reference document identifying the non-numerical term and corresponding actual amount. By **January 15, 2020**, the parties shall submit a joint stipulation regarding the non-numerical terms to be used, including the licensing amount. Such stipulation may be filed under seal.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. The U.S. Marshal requires a court order to allow such equipment into the building. *See* Civ. L.R. 77-5. Thus, by **January 15, 2020**, the parties must submit to the Court, by email, a list of equipment which each side intends to bring to trial, as well as a proposed order.

11. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

12. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

13. **Jurors and Peremptory Challenges:** The Court will seat a total of nine (9) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

14. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition).

15. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved

must be filed in writing by the Thursday before trial. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

16. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

17. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

18. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **January 24, 2020.** Any stipulation by the parties that the deposition transcripts to be used at trial are originals must be filed by **January 15, 2020.**

19. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

20. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played. The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

21. **Witnesses at Trial:** The party presenting evidence shall give the other party hours *written*

notice of the witnesses to be called on the following schedule unless otherwise agreed upon by the parties themselves.

| Trial Day | Deadline for Written Notice |
|---|---|
| Monday | **Friday at 12:00 noon** |
| Tuesday | **Saturday at 12:00 noon** |
| Wednesday | **Monday at 5:00 pm** |
| Thursday | **Tuesday at 5:00 pm** |

To the extent that a running list is provided as "notice," the parties shall indicate the amount of time anticipated for direct examination so that the receiving party can anticipate which of the witnesses will testify.

The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case or the remaining time in the day will be allocated against that party. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

22. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

23. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

24. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders apply:

a. Defendant/Cross-Defendant(s) shall have all relevant financial data in Court in a sealed envelope once trial begins;

b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

25. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) no later than **January 8, 2020.**

26. **Further Settlement Conference/Mediation:** The parties are ordered to participate in further private mediation before Judge Hochberg, to be completed no later than **January 29, 2020**.

27. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by **4:00 p.m. on the January 29, 2020**, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

28. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

29. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary

fines and/or terminating sanctions.

This Order terminates Docket Nos. 252, 259, 265, 270, 273, 276, 293, 296, and 299.

**IT IS SO ORDERED.**

Dated: January 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**