UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOLBY LABORATORIES LICENSING CORPORATION,**<br><br>PLAINTIFF,<br><br>V.<br><br>**ADOBE INC. F/K/A, ADOBE SYSTEMS INCORPORATED**<br><br>DEFENDANT.<br><br>―――――――――――――――――――<br><br>**AND RELATED COUNTERCLAIM** | Case No. 18-cv-1553 YGR<br><br>**PRETRIAL ORDER NO. 4 RE: MOTIONS** *IN LIMINE* |

Before the Court are the parties' respective motions *in limine* ("MIL"). (Dkt. Nos. 250, 251, 253, 254, 255, 254, 257, 258, 260, 261, 262, 263, 264, 266, 267, 268, 269, 271, 272, 274.) Having considered the papers submitted, the filings to date, and the other arguments and submissions at the Pretrial Conference held on December 20, 2019, the Court finds the following as to each motion *in limine*:

| Dolby's MIL | Requested Relief and Basis for Relief |
|---|---|
| **MIL 1:**<br><br>**Fourth "Adobe Offerings Chart"** | Dolby need not offer the Fourth Adobe Offerings Chart into evidence with the prior versions, and that version is excluded, because Adobe should not be permitted to take back facts that were undisputed until the very end of discovery. |
| The motion is **DENIED**. The fourth offerings chart is admissible evidence in this case, as are all prior versions of the chart, the deadline for the close of fact discovery, and Adobe's purported representations about what Dolby technology was in Adobe's products. The jury may afford as much weight to the fourth offerings chart as it deems appropriate in light of all the evidence. ||

| | |
|---|---|
| **MIL 2:**<br><br>**Evidence of Adobe Software Provided for Dolby Employees' "Personal Use"** | Documents and other evidence regarding versions of Adobe software products allegedly provided to certain Dolby employees for "personal use" are not relevant or admissible evidence. (Fed. R. Evid. 401, 403.) |

The motion is **DENIED**. The proffered evidence is circumstantial evidence regarding the knowledge of Dolby employees who, at the time they purportedly had access to Adobe products for "personal use," were representing Dolby in its business relationship with Adobe. Insofar as the evidence may be prejudicial to Dolby, it is not unduly so, and thus, exclusion of all such evidence is not warranted.

| | |
|---|---|
| **MIL 3:**<br><br>**Christian Tregillis Testimony Regarding the Audit** | Mr. Tregillis' testimony regarding third-party Connor Consulting's attempted audit of Adobe's royalty payments to Dolby is based on "observations" only; because he has no opinions regarding the subject, he cannot provide admissible testimony. (Fed. R. Evid. 401, 402, 702.) |

As an initial matter, the parties may not violate this Court's standing order by stipulating to reserve arguments for motions *in limine* that should be brought in *Daubert* motions. Dolby should have raised the arguments set forth in this motion in Dolby's *Daubert* motion regarding Mr. Tregillis. Thus, on this basis alone, Court is inclined to deny the motion as untimely. Further, to the extent this motion raises arguments already raised in Dolby's *Daubert* motion, this motion is an improper motion for reconsideration. That said, the motion appears to have some measure of merit and, accordingly, is **DENIED IN PART, AND GRANTED IN PART**.

As this Court held in its order on the *Daubert* motions and has previously articulated, reports themselves are not admissible. Insofar as Mr. Tregillis summarizes Mr. Meyer's opinions or other admissible evidence in paragraphs 160-164 of his rebuttal report, he is permitted to testify to those opinions to the extent they actually rebut opinions offered by Mr. Meyer during trial. Further, insofar as the evidence referenced in paragraphs 190-206 is admitted through an appropriate source, Mr. Tregillis can rely on the same for his opinion in paragraphs 207-208. He himself though cannot attest to the same. The same is true of the evidence referenced in paragraphs 209-220 and 223-237. Mr. Tregillis' opinion testimony may be solicited by way of hypotheticals (i.e. assuming certain testimony exists or is found to be true) or by establishing the foundation for an expert opinion on a particular topic (i.e. how royalty audits are performed and the standards that govern such audits) and then soliciting the opinion on the same with reference to the basis (again, assuming the evidence is in the record).

//

//

| **MIL 4:** **Evidence of Overpayments by Adobe Before Proof of Certain Preliminary Facts** | Adobe cannot introduce evidence of alleged overpayments unless and until Adobe provides that it requested a refund or took other action to obtain a credit before the next quarterly payment was due which is a required precondition under the contract. (Fed. R. Evid. 401, 104(b).) |
|---|---|

The motion is **DENIED**. The Court is not persuaded that there was a "condition precedent" to the refund of any overpayment. Even if there was, however, the proffered evidence is relevant to the issue of damages. The jury is entitled hear such relevant evidence, which may support Adobe's position regarding overpayment, and weigh that in light of the totality of the evidence.

| **MIL 5:** **Evidence of Dolby's Annual Licensing Revenues** | Dolby's annual revenues from its overall licensing program have no relevance to this case and the monetary consequences of Adobe's breaches of contract and infringement. (Fed. R. Evid. 401, 402, 403.) |
|---|---|

The motion is **GRANTED WITHOUT PREJUDICE** to Adobe introducing this evidence on cross-examination after asking for and receiving permission from the Court at the time of trial. Although evidence that Dolby receives a portion of its revenue from licensing may be relevant to the issues in this case, the Court anticipates that the likelihood of prejudice from introducing specific revenue figures may outweigh any relevance. The balancing of these issues depends on the parties' positions at trial and the testimony of their witnesses, hence the need to discuss the issue in advance with the Court.

| **MIL 6:** **Evidence of Prejudgment Interest** | The Court should exclude any reference during the jury trial to prejudgment interest as this will be applied to the judgment by the Court after the jury enters its verdict. (Fed. R. Evid. 401, 402, 403.) |
|---|---|

The motion is **DENIED**. At the Pretrial Conference, Dolby represented that it was seeking prejudgment interest based on a contractual, rather than statutory, rate. As such, evidence of prejudgment interest is relevant and admissible.

| **MIL 7:** **Evidence of Other Audits** | Dolby's audits of other third-party licensees are entirely irrelevant to this case where the only relevant audit is the audit of Adobe. (Fed. R. Evid. 401, 402, 403.) |
|---|---|

The motion is **DENIED WITHOUT PREJUDICE** to Dolby reasserting the objection at the time of trial on the basis of relevance or under Rule 403. Although the minute details of Dolby's audits of third-party licensees appear irrelevant to this case, depending on the parties' positions at trial and the testimony offered by their witnesses, aspects of the proffered evidence may be relevant to the credibility of the persons testifying and whether Dolby breached the covenant of good faith and fair dealing when performing its audit of Adobe in 2015.

| Adobe's MILs | Requested Relief and Basis for Relief |
|---|---|
| **MIL 1:**<br><br>**Adobe's Revenues and Form 10-Ks** | Motion to exclude any evidence, inquiry, or argument regarding Adobe's Form 10-Ks, including Dolby's use of the securities filings as a vehicle to discuss either Adobe's revenues or profits. (Fed. R. Evid. 402, 403.) |
| The motion is **GRANTED IN PART** and **DENIED IN PART**. Adobe's Form 10-Ks can be admitted without an authenticating witness. Whether the Form 10-Ks ultimately are admitted at trial, however, depends on their relevance, which, in turn, depends on Adobe's posture at trial. That is, portions of the proffered evidence are potentially relevant to a defense that the alleged damages are unreasonable and to the use of the words "consumer" and "professional." As such, the motion is **GRANTED**. The motion is otherwise **DENIED WITHOUT PREJUDICE** to Adobe reasserting the objection at the time of trial on the basis of relevance. Further, for purposes of trial, Dolby shall sub-designate only those portions of the Form 10-Ks that it intends to use. Unless the Court is convinced otherwise, the Form-10Ks will not be admitted in their entirety and should used to address issues specifically raised during the trial. ||
| **MIL 2:**<br><br>**Extrinsic Evidence to Construe the Creative Cloud Letter** | Motion to prohibit Dolby from introducing or relying on any extrinsic evidence to support its position on the meaning of the Creative Cloud Letter. (Fed. R. Evid. 401, 403; Court's instruction at the Pre-Summary Judgment Conference on July 8, 2019.) |
| The motion is **DENIED**. Under California law, if a Court decides, "after considering th[e] evidence, that the language of a contract, in light of all the circumstances, is 'fairly susceptible of either one of the two interpretations contended for,' extrinsic evidence relevant to prove either of such meanings is admissible." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 40 (1968) (*en banc*) (citations omitted). Here, in its order on the parties' cross-motions for summary judgment, the Court found that the Creative Cloud Letter is ambiguous. Thus, extrinsic evidence of its meaning is admissible. ||

//
//
//
//
//
//
//
//
//

4

| MIL 3:<br><br>Adobe's IP Licenses and Audits of Adobe's Licensees | Motion to exclude Dolby from referencing or offering any evidence regarding Adobe's IP licenses, including Adobe's terms of use for purposes of interpreting the license agreements and audit clause at issue here, and Adobe's audits of its licensees, including any testimony on these topics by Mr. Conroy Shum and Mr. Joe Perry, for the purpose of arguing whether Adobe complied with its contractual obligations to provide the information called for by the Dolby audit at issue in this case. (Fed. R. Evid. 401, 403.) |
|---|---|

The motion is **DENIED WITHOUT PREJUDICE** to Adobe reasserting the objection at the time of trial on the basis of relevance or under Rule 403. The Court's decision with respect to this motion parallels its decision with respect to Dolby's motion *in limine* number 7. Although the minute details of third-party licenses and audits appear irrelevant to this case, depending on the parties' positions at trial and the testimony offered by their witnesses, aspects of the proffered evidence may be relevant to Adobe's credibility and consistency with respect it being audited by Dolby in 2015. The Court is not persuaded that admission of this evidence, including Mr. Shum's or Mr. Perry's testimony, would be so confusing to the jury as to warrant exclusion.

| MIL 4:<br><br>Extrinsic Evidence Regarding Meaning of Terms "Professional" and "Consumer" | Motion to exclude Dolby from offering extrinsic evidence regarding the meaning of the terms "professional" and "consumer" in the parties' contracts, including from Adobe's Forms 10-K. (Fed. R. Evid. 402, 403.) |
|---|---|

The motion is **GRANTED IN PART** and **DENIED IN PART** for the same reasons as Adobe's motion *in limine* number 1, with which there is significant overlap. Specifically, Adobe's Form 10-Ks cannot be admitted in their entirety, but relevant portions can be admitted, without an authenticating witness, as extrinsic evidence regarding the meaning of ambiguous terms in the parties' contracts. Insofar as the Court **DENIES** the motion, however, it does so **WITHOUT PREJUDICE** to Adobe reasserting the objection at the time of trial on the basis of relevance. Further, the Court again advises Dolby that any portions of Adobe's securities filings that it intends to use at trial must be sub-designated.

//

//

//

//

//

//

//

| **MIL 6:** **Testimony by Undisclosed Witnesses and Documents** | Motion to exclude (1) testimony by Dolby witness James Cowdery, (2) testimony by an unidentified "Representative of MainConcept GmbH" or "Representative of Brambles NSD, Inc."; and (3) written materials concerning MainConcept that Dolby failed to produce in discovery, including emails and documentary evidence. (Fed. R. Civ. P. 26, 37.) |
|---|---|

The motion is **GRANTED IN PART** and **DENIED IN PART**. Insofar as the motion seeks to exclude the proffered witnesses based upon alleged delay in disclosure, it is denied because Adobe's own litigation strategy resulted in any delayed rebuttal testimony. Relatedly, with respect to the purportedly undisclosed documents related to MainConcept, the motion is **DENIED**. Without a clear articulation of one's legal position, a party is not required to disclose that which is does not know is relevant. Further, Adobe did not pursue discovery of document produced by Dolby pursuant to Request for Production No. 24.

However, Dolby misinterprets this Court's order requiring identification of trial witnesses. Surprises at trial are not welcome. If a witness is anticipated, regardless of whether a trial subpoena may need to issue, the witness should be identified. Failure to do so risks exclusion. The Court will grant a motion to exclude a witness who is not identified according to the schedule set forth at the Pretrial Order No. 3.

| **MIL 7:** **Rebuttal Experts in Dolby's Case-In-Chief** | Motion prohibiting Dolby from introducing any testimony or evidence from its designated rebuttal experts, John. M. Strawn and Lorin M. Hitt, during its case in chief. (Fed. R. Evid. 611.) |
|---|---|

The motion is **DENIED** as to Dr. Strawn. Any delay in Dolby's disclosure of Dr. Strawn as its technical expert in large part was due to Adobe's own litigation strategy. Moreover, as the Court found in its order on the parties' *Daubert* motions, "Adobe has had a full and fair opportunity to rebut [Dr. Strawn's] opinions through Ronald Schnell's expert report."

At the Pretrial Conference on December 20, 2019, both parties stipulated to withdraw their respective industry experts: Dr. Kursh for Adobe, and Dr. Hitt for Dolby. Accordingly, this portion of the motion is **DEEMED WITHDRAWN.**

//
//
//
//
//
//
//

| | |
|---|---|
| **MIL 8:**<br><br>**Metrics Relating to Dolby Digital Plus Technology** | Motion excluding any evidence, inquiry, or argument relating to the use of metrics relating to Dolby Digital *Plus* technology (including metrics such as royalty rates and revenues) as a basis for calculating metrics, including royalty rates or hypothetical royalty rates, relating to Dolby Digital technology. (Fed. R. Evid. 403.) |
| The motion is **DENIED** as untimely. With this motion, Adobe challenges the basis for the calculations performed by Dolby's damages expert, Mr. Meyer. This argument should have been raised at the *Daubert* motion stage when Adobe sought to exclude portions of Mr. Meyer's expert testimony on related grounds. Moreover, Adobe's arguments go to the weight the jury may afford to Mr. Meyer's testimony and are not grounds for exclusion of the proffered evidence. ||
| **MIL 9:**<br><br>**Dolby Digital Patents Not Disclosed During Discovery** | Motion excluding any evidence or argument about any Dolby patents that were not disclosed during discovery. (Fed. R. Evid. 403; Fed. R. Civ. P. 37.) |
| The motion is **DENIED WITHOUT PREJUDICE** to Adobe reasserting the objection at the time of trial on the basis of relevance and under Rule 403. Adobe has not substantiated its argument for exclusion based on Dolby's alleged failure to disclose during discovery. Further, although the Court cannot determine the relevance of the proffered evidence at this juncture, depending on the parties' positions at trial, the evidence may be relevant to rebut an argument by Adobe regarding the expiration of certain Dolby patents. ||
| **MIL 10:**<br><br>**Testimony from Chris Choi on AICPA Standards, Adobe's Provision of Information, and the Parties' State of Mind.** | Motion to exclude any references, evidence, inquiry, or argument from Dolby's expert witness, Chris Choi, on (1) Conner Consulting's performance of its audit pursuant to AICPA standards, (2) Adobe's alleged failure to provide certain information during the audit, and (3) the parties' state of mind as to the audit. (Fed. R. Evid. 401, 402, 403, 701, 702.) |
| The motion is **GRANTED IN PART** and **DENIED IN PART**. As discussed with respect to Dolby's motion *in limine* number 3, the parties may not violate this Court's standing order by stipulating to reserve arguments for motions *in limine* that should be brought in *Daubert* motions. Although the motion therefore is untimely, given that the parties essentially challenge the admissibility of all expert testimony regarding auditing, the Court nevertheless addresses the motion on the merits.<br><br>Specifically, the motion is **GRANTED** with respect to Mr. Choi's testimony regarding the parties' state of mind, which generally is not an appropriate subject for expert testimony. The motion is **DENIED**, however, with respect to Mr. Choi's testimony regarding AICPA standards and Adobe's alleged failure to cooperate during the audit. Mr. Choi's testimony on these topics goes to the weight of the evidence and therefore is admissible. ||

7

| **MIL 11:** **Copyright Damages from Extraterritorial Infringement or Exploitation of Asserted Works** | Motion to exclude any references, evidence, inquiry, or argument, in connection with Dolby's claim for copyright damages, relating to any Adobe offerings licensed outside the United States or for use outside the United States. (Fed. R. Evid. 401, 402.) |
|---|---|

The motion is **DENIED**. As with motion *in limine* number 8, Adobe's motion presents arguments regarding extraterritorial damages that it should have raised in its *Daubert* motion with respect to Dolby's damages expert, Mr. Meyer. The motion therefore is untimely. Additionally, Dolby argues that it cannot allocate damages for enterprise term license agreements including non-U.S. licenses because only Adobe has the necessary information to perform such an allocation. At the Pretrial Conference, Adobe failed to rebut this argument.

| **MIL 12:** **Exhibits from the Expert Rebuttal Report of John Strawn** | Motion to exclude attachments to the Expert Rebuttal Report of John Strawn. (Fed. R. Evid. 801, 802, 402, 403.) |
|---|---|

The motion is **GRANTED IN PART** and **DENIED IN PART**. With respect to exhibits that summarize Dr. Strawn's analysis of Adobe's products for evidence that Dolby's copyrighted source code was contained therein, namely Dolby1765 and Dolby1766, are admissible insofar as they present, in list form, a list of Dr. Strawn's technical findings. However, other portions of those documents that do not serve this purpose, such as the first paragraphs of Dolby1765, are inadmissible. Dolby may either sub-designate two new exhibits or replace the exhibits with annotated versions. With respect to exhibits that contain publicly-available third-party source code, namely Dolby1767, Dolby1768, Dolby1769, Dolby1770, Dolby1771, Dolby1772, and Dolby1773 are admissible as long as Dr. Strawn authenticates and lays a foundation for each. The publicly-available research materials, namely Dolby1764 and Dolby1774, do not appear admissible as exhibits themselves although it is possible that Dr. Strawn may have relied upon them for purposes of his analysis.

//
//
//
//
//
//
//

| | |
|---|---|
| **MIL 13:**<br><br>"May-Call" Witnesses in Case-In-Chief | Motion prohibiting Dolby from calling "may-call" witnesses listed on its pre-trial fact witness disclosures in its case-in-chief. (Fed. R. Evid. 403, 611.) |

The motion is **GRANTED IN PART** and **DENIED IN PART**, largely for the same reasons as Adobe's motion *in limine* number 6. Specifically, Dolby appears to have complied with the Court's standing order insofar as it sets a deadline for disclosure of "likely" witnesses.

However, as discussed, if a witness is anticipated, regardless of whether a trial subpoena may need to issue, the witness should be identified based on the schedule set forth at the Pretrial Order No. 3. Failure to timely identify any witness to be called risks exclusion.

| | |
|---|---|
| **MIL 14:**<br><br>Schedules Appended to Dolby's Damages Expert's Reports | Motion to exclude the schedules appended to Dolby's damages expert's opening and rebuttal reports, plus updates, revisions, and other appendices and attachments to such damages reports, on the ground that they are not admissible under Fed. R. Evid. 1006. |

The motion is **DENIED WITHOUT PREJUDICE** to Adobe renewing the objection at the time of trial on the basis of a lack of foundation. The schedules Adobe seeks to exclude summarize and provide the underlying data for the opinions of Dolby's damages expert, Mr. Meyer, and thus may be admissible under Federal Rule of Evidence 1006, which permits use of a "summary, chart, or calculation to prove the content of voluminous writings[.]" The alternative, that is, requiring the jury to note or remember all of the data underlying Mr. Meyer's damages calculation, would impede the fair, orderly, and efficient trial of the case. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985) (purpose of FRE 1006 is to "allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury"). Insofar as the schedules are admissible, the underlying data for the schedules also is admissible because it is necessary to authenticate the numbers set forth in the schedules. For the documents to be admitted, however, Mr. Meyer must lay a proper foundation for their admission.

This Order terminates Docket Numbers 250, 251, 253, 254, 255, 254, 257, 258, 260, 261, 262, 263, 264, 266, 267, 268, 269, 271, 272, and 274.

**IT IS SO ORDERED.**

Dated: January 7, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**