# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOLBY LABORATORIES LICENSING CORPORATION,**<br><br>PLAINTIFF,<br><br>V.<br><br>**ADOBE INC. F/K/A, ADOBE SYSTEMS INCORPORATED**<br><br>DEFENDANT.<br><br>―――――――――――――――――――――<br><br>**AND RELATED COUNTERCLAIM** | Case No. 18-cv-1553 YGR<br><br>**PRETRIAL ORDER NO. 5 RE: SECOND PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on January 24, 2020, for good cause shown the Court memorializes and enters the following orders discussed at the pretrial conference:

1. **Admission of Documents:** The parties appear to disagree about whether there must be a sponsoring witness with personal knowledge of the contents and meaning of a document in order to lay a foundation for its admission. Although the Court will make admissibility determinations based on the specific context of the testimony at issue, in general, the rules need to be considered collectively rather than in a vacuum. Federal Rule of Evidence ("FRE") 602, which imposes a personal knowledge requirement, is subject to exceptions. Fed. R. Evid. 801(d)(2) advisory committee notes (opposing party statements enjoy "freedom . . . from . . . the rule requiring firsthand knowledge"); *TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, No. 11-CV-00774-VC, 2017 WL 952955, at *1 (N.D. Cal. Mar. 12, 2017) (in ruling on the admissibility of a party admission, noting that "[t]here is no freestanding 'sponsoring witness' requirement in the Federal Rules of Evidence"). Thus, while the Court concurs that a

sponsoring witness is not required under FRE 801, a party must still comply with the requirements of admissibility including showing that the statement "(C) was made by a person whom the party authorized to make a statement on the subject; [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it exists." Fed. R. Evid. 801; *see also United States v. STABL, Inc.*, 800 F.3d 476, 484 (8th Cir. 2015) ("[T]he only foundation required for 801(d)(2)(B) adoptive admissions is a showing that they were made or adopted by the opposing party or by its agent on a matter within the scope of that agency; there is no personal-knowledge requirement."). Further, questioning a witness on such a document containing admissions is not without limitations. *See* Fed. R. Evid. 602 advisory committee's note ("This rule does not govern the situation of a witness who testifies to a hearsay statement as such, if he has personal knowledge of the making of the statement. . . . This rule would, however, prevent him from testifying to the subject matter of the hearsay statement, as he has no personal knowledge of it."); *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3903384, at *6 (N.D. Cal. July 19, 2016) (testifying only to acronyms in the admitted document and other matters within the witness's personal knowledge and not the content itself).

2. The parties shall exchange documents that they intend to use in a direct examination no later than 24 hours before the witness testifies. The parties are not required to exchange documents that may be used in cross-examination. Relatedly, if a party seeks to use testimony from another court proceeding to impeach a witness, it is not required to give advance noticed to the opposing party. At the time the party seeks to use such a document, it must provide copies of the complete transcript to the Court, witness, and opposing counsel.

3. **Exclusion of Expert Witnesses:** Under FRE 615, at the Court may order witnesses excluded so that they cannot hear other witnesses' testimony, subject to certain exclusions, including for a person whose presence a party shows to be essential to presenting the party's claim or defense. Here, Dolby's request for its damages expert, Paul Meyer, to hear other witnesses' testimony is presently denied, as Dolby has not yet made a sufficient proffer that the exceptions to Rule 615 applies. However, rebuttal experts, including Adobe's rebuttal

1 damages expert Christian Tregillis, may be present for the witness testimony that they intend
2 to rebut, so that they may prepare for rebuttal and assist counsel with cross-examination.
3 4. **<u>Copyright Issues:</u>** The Court agrees that before instructing the jury, the Court must perform an analytic dissection to determine whether any elements of the Asserted Dolby Works are protected by copyright law. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018). Analytic dissection generally requires (a) abstraction, in which the code is separated and examined, and (b) filtration, in which the court examines the structural components at each level of abstraction to separate protectable expression from non-protectable elements. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1445 (9th Cir. 1994) (citing with approval abstraction-filtration-comparison test set forth by Second Circuit in *Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693 (2nd Cir. 1992)); *see also Sega Enterprises, Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524-25 (9th Cir. 1992) (affirming Second Circuit's approach to analytic dissection).

The parties appear to agree that this is the governing legal framework but disagree as to its application in this case. Adobe avers that although there are expressive elements in the source code at issue, it is Dolby's burden to establish that the object code libraries provided to Adobe retained Dolby's original expression. Dolby counters that the object code libraries are protected under the same copyright as its source code.

Source code represents computer program code as a programmer would write it, using "a high level language that people can readily understand." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 779 (9th Cir. 2002) (quoting Compendium of Copyright Office Practices ("CCOP"), § 321.01). Object code is "the representation of the program in machine language [binary] . . . which the computer executes." *Id*. (quoting CCOP § 321.02) (alterations in original). Source code and object code are "two representations of the same computer program," and for purposes of copyright registration, "the claim is in the computer program rather than in any particular representation of the program." *Id*. (quoting CCOP § 321.03). Source code, not object code, is comprised of human-readable text. As such, the Court must perform its analytic dissection at the source code level of abstraction. To the

3

extent Dolby shows that the object code libraries provided to Adobe were a direct representation of Dolby's copyrighted source code, the copyright extends to the object code as well. *See Sega Enterprises*, 977 F.2d at 1519 (object code is eligible for the full range of copyright protections). If, however, the object code libraries consist of compiled source code that does not contain protectable expression, no copyright protection exists.

Given that Dolby bring the copyright claims as an alternate form of relief, and additional trial management issues exist with respect to confidentiality with respect to those claims, the Court is inclined to bifurcate this portion of the trial. The Court will discuss the matter more fully with the parties at the next conference. Tentatively, the Court would be inclined to ask the jurors to decide whether the dispute at issue falls within the scope of one or more of the licensing agreements. If so, then the jury can decide the remaining issues regarding the breach of contract claims and no need would exist for the copyright phase. If not, then the parties would proceed to the copyright phase of the trial.

5. **Software Experts:** As the Court previously explained, the parties' software experts may not use conclusory terms, including "functional" or "expressive." These experts may, however, use other non-conclusory language to describe such concepts to the jury.

6. **Confidential Source Code:** The parties shall meet and confer to attempt to reach a written stipulation regarding their experts' access to the source code at issue in this case. The parties shall admit into evidence only those portions of the source code that are essential to presenting the parties' claims and defenses in this case.

7. **Pre-Judgment Interest and Attorneys' Fees:** Evidence related to pre-judgment interest must be presented as part of Dolby's affirmative case. In addition, the parties shall submit additional briefing regarding whether evidence related to attorneys' fees will be presented before or after a verdict is entered. No later than 5:00 p.m. on January 27, 2020, Dolby shall file a response to the arguments raised by Adobe at the pretrial conference. Adobe shall file any reply no later than 5:00 p.m. January 29, 2020.

8. **Deposition Designations:** In order to rule upon the challenges to deposition designations, by no later than January 29, 2020, each party shall file a chart listing the witnesses whose

deposition testimony has been challenged and providing basic information about each, including (a) whether the individual is a Federal Rule of Civil Procedure 30(b)(6) witness and (b) what foundation, if any, the witness would have for the proffered testimony. The Court will not rule on any remaining objections to deposition designations without confirmation that the witness will not be testifying or satisfaction that the witness is a rule 30(b)(6) witness and thus the testimony would be admissible as an admission.[1]

9. **Video Deposition Testimony:** No later January 29, 2020, the parties shall file a joint statement regarding the availability of the following witnesses to testify live and any requests to play their video deposition testimony due to unavailability: Bill Roberts, Delia Peterson, Hung Chang, Colin Stefani.

10. **Dolby As Counterclaim-Defendant:** The parties shall meet and confer regarding whether Dolby Laboratories, Inc. should be dismissed as a counterclaim-defendant. No later than January 29, 2020, the parties shall file either a stipulation of dismissal or a joint statement addressing any outstanding dispute on this topic.

11. **Key Terms:** No later than January 29, 2020, the parties shall file a joint statement regarding (a) any remaining disputes over the terms that will be used to refer to the licensing amounts and licensing agreements at issue; (b) the inclusion of any key documents, such as the three agreements at issue in the case, in the juror binders; and (c) a proposed glossary for jurors. Unless otherwise agreed, the Court will order the use of the terms: "2012 Pricing Letter Rate," "2013 Pricing Letter Rate," and "Eligible Products/Creative Cloud Rate."

12. **Motion for Relief from Non-Dispositive Pretrial Order:** Adobe has filed a motion for relief from Magistrate Judge Ryu's pretrial order regarding the special master's order. (Dkt. No. 363.) In its motion, Adobe challenges Magistrate Judge Ryu's ruling that 27 documents which she found to constitute work product would be remanded to the special master for any "substantial need" determination. Adobe argues that in so ruling, Magistrate Judge Ryu exceeded the scope of review permitted under the appointment order. The Court disagrees.

---

[1] The objections to the deposition designations for Joe Perry are overruled.

5

Over the course of this litigation, the parties have raised discovery disputes regarding thousands of documents. In order to manage the review of these documents, and given the short time to trial, Magistrate Judge Ryu has full authority to refer certain issues to the special master. This Court will consider any remaining disputes only after full review by magistrate judge and the special master, in accordance with the procedure set forth by Magistrate Judge Ryu. Any appeal of a ruling made by the magistrate judge or the special master must filed with the Court at least three business days before the party attempts to introduce the evidence at trial.

13. **Settlement:** The parties are advised that even if they reach a settlement in principle, they shall proceed to trial unless there is dismissal filed in the action. The Court is willing to retain continuing jurisdiction over any settlement. However, given the litigious nature of the parties, trial will proceed unless finality of a settlement is confirmed, either on the record (as binding) or in writing.

14. **Scheduling:** The parties are advised that the Court will follow the following schedule:

    a. **Week of February 3:** Trial days: Monday through Thursday. Friday will be used to address any trial related matters; timing to be determined.

    b. **Week of February 10:** Trial days: Monday through Thursday. The Court will be dark on Friday; parties may plan accordingly.

    c. **Week of February 18:** Monday the Court is closed. Trial days: Tuesday through Friday. The parties should be prepared to discuss how much time they intend to reserve for purposes of Phase 2 of the trial.

    d. **Week of February 24:** Flexibility is required. The Court will advise later as to timing.

This Order terminates Docket No. 363.

**IT IS SO ORDERED.**

Dated: January 27, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6